## BANKS vs. BANKS.

*Twelfth Judicial District Court, June*, 1857.

### DIVORCE—SEPARATE MAINTENANCE—INJUNCTION.

The Court cannot interfere, by injunction, with the common property, in an action for divorce, where the prayer is for a separation, *a mensa et thoro*, and not *a vinculo matrimonii*.

In such a suit the court cannot appropriate or set apart property for the maintenance of the plaintiff.

The complaint may be allowed to be amended in the prayer, and altered so as to pray for a divorce *a vinculo matrimonii*.

This is a suit to obtain a decree of divorce from the bonds of matrimony existing between Nancy and George S. Banks, and for an injunction restraining the defendant from conveying or in any way encumbering the joint property acquired during coverture. The ground of

complaint is alleged extreme cruelty, and the facts set forth in the bill certainly show a vast amount of oppression on one side and suffering on the other. The parties were married in August, 1848, at the city of New York, and there has been no issue from the union. The plaintiff alleges that she has a son about seventeen years old, by a former marriage, who is deaf, dumb, and almost blind, and therefore in a measure helpless and a proper object of pity and compassion; but towards this boy, she alleges, her husband has acted cruelly, and has turned him out of doors, by means of which, plaintiff alleges, she has been kept in anguish and unhappiness. Other acts of cruelty towards herself are alleged, which render it impossible, she alleges, for her to live with defendant.

In the complaint it is stated that defendant is owner of a large and valuable building, occupied as a livery stable, built upon leased ground, on Bush street, known as the Rassette Stables, with a dwelling in the second story; that he is the owner of a large number of horses and carriages; that he is also the owner of a dwelling-house on Bush street, worth about $20,000, all of which is common property, acquired after coverture in this State. That defendant has on various occasions threatened to put this property out of his hands in case plaintiff applied for a divorce, and put the same beyond the reach of the Court, so that plaintiff could not obtain any maintenance from the joint property.

The bill first presented prayed for a divorce from bed and board, and for a separate maintenance. An application was made upon it at Chambers for an injunction. As this may be considered one of the first cases of the kind that has come up before the courts, the ruling of the judge becomes interesting. Before this time all the proceedings instituted were to dissolve the bonds of matrimony, and it will be observed that in divorces from bed and board the court has no power to provide out of the defendant's property for the support of the wife.

*B. S. Brooks*, for Plaintiff.

Defendant not in Court.

NORTON, J., refused the injunction, and held that plaintiff, on a bill for separate maintenance has no interest in the property itself, but only obtains as a final relief, a decree requiring the defendant to pay a cer-

tain sum for her support. This decree operates only upon the defendant personally, and does not in any way affect the property. Nor can the Court in such a suit appropriate or set apart any specific property for the support or separate maintenance of the plaintiff. The relation of marriage still continues. No division of the common property is made. The right of the husband to control and dispose of the common property cannot therefore be restrained. It was essential also that the bill should aver that the property was acquired after coverture, and in this State, and specify its value.

The complaint was thereupon, by leave of Court, withdrawn, and amended by altering its prayer so as to ask for a decree of divorce from the bonds of matrimony.

Upon the complaint so amended an injunction was granted, on filing bonds in the sum of $5,000, to restrain the alienation of the property pending the suit. An order was also made upon the defendant to show cause why an allowance should not be made for alimony and expenses of suit.